```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

```
ALFRED INGRAM,                    *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *     CIVIL ACTION 06-00078-B
                                  *
ALABAMA STATE UNIVERSITY,         *
et al.,                           *
                                  *
     Defendants.                  *
```

**ORDER**

This matter is before the Court[1] on Defendants' Motion to Dismiss and supporting memorandum (Docs. 27 & 29). Based upon a careful review of Defendants' motion and supporting memorandum, the case file, and the applicable law, the undersigned hereby **GRANTS** Defendants' motion, and dismisses this action with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to Plaintiff's failure to comply with Orders of this Court.

**I.   Procedural Background**

Plaintiff, who is proceeding pro se, filed a Complaint on February 10, 2006, asserting numerous claims against Defendants Alabama State University, Dr. Joe Lee, and Dr. Margaret A. Breland Bradley. (Doc. 1). In an Order dated April 6, 2006, the parties were directed to confer and to file a planning report by May 22, 2006, pursuant to Rule 26(f) of the Federal Rules of Civil

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties consented to have the undersigned Magistrate Judge conduct all proceedings in this case. (Doc. 15).

Procedure. (Doc. 13). On May 22, 2006, Defendants filed a Notice wherein defense counsel indicated that efforts to meet with Plaintiff had proven unsuccessful due to his unresponsiveness. (Doc. 23). Subsequent thereto, a scheduling conference was set for June 9, 2006. (Doc. 24). On June 9, 2006, Plaintiff failed to appear for the scheduling conference, and further failed to notify the Court of any obstacles that made it impossible for him to attend. Instead, Plaintiff filed a document styled "Answer to the Order of April 25, 2006 and Motion to Reinstate Case.[2]" (Doc. 25). In the document, Plaintiff requested a trial setting in May 2006. (Id.)

On June 12, 2006, this Court issued an Order directing Plaintiff to show cause by June 22, 2006, for his failure to appear at the scheduling conference. (Doc. 26). In the Order, the Court noted that this was not the first instance in which Plaintiff had failed to obey an Order of the Court, and cautioned Plaintiff that the failure to respond may be considered abandonment of prosecution of the action and result in the dismissal of his case. (Id.) To date, Plaintiff has not responded to the Court's June 12 Order, nor has he offered any explanation for his failure to do so.

Defendants filed the instant Motion to Dismiss (Doc. 27) and

---

[2] On April 25, 2006, District Judge DuBose issued an Order directing Plaintiff to respond to Defendants' Motion to Dismiss, which was filed on April 25, 2006. Defendants argued that Plaintiff's Complaint should be dismissed for failure to state a claim.

argued that this action should be dismissed due to Plaintiff's repeated failure to comply with Orders of the Court, and to prosecute this action.  Although this Court directed Plaintiff to respond to Defendant's motion by August 22, 2006 (Doc. 28), Plaintiff failed to do so, and once again, failed to offer any explanation for his inaction.  Given Plaintiff's repeated failure to comply with Orders of this Court, and failure to prosecute this action, and upon consideration of the alternatives that are available to the Court, the undersigned finds that this action is to be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.

**II.   Analysis**

    **A.   Standard of Review**

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute.  See, e.g., Hudson v. Cardwell Corp., Slip Copy, 2006 WL 2135791, *2 (S.D. Ala. July 27, 2006) (Steele, J.).  While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court.  See, e.g., Brown v.

Tallahassee Police Department, Slip Copy, 2006 WL 3307444, *1 (11th Cir. Nov. 15, 2006).

Rule 41(b)[3] expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure.  See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).  Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions."  Id.  See also e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962).  While a district court has broad powers to impose sanctions for a party's failure to comply with court orders or the federal rules, dismissal of an action with prejudice remains a "sanction of last resort, applicable only in extreme circumstances."  Hartline, 693 F.2d at 1352; Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  Dismissal with prejudice is appropriate where the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct.  See, e.g., Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999); Goforth, 766 F.2d at 1535.

---

[3] See, e.g., Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999) (stating that "[d]ismissal under Rule 41(b) is appropriate where there is ··· an implicit or explicit finding that lesser sanctions would not suffice[]"); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (providing that "[t]he record also supports an implicit finding that any lesser sanction than dismissal would not have served the interests of justice[]").

4

"In determining whether a Rule 41(b) dismissal for failure to prosecute or failure to comply with court orders is appropriate, courts have considered such factors as (1) the culpability of the plaintiff; (2) the degree of prejudice to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the efficacy of less drastic sanctions."   Hudson, 2006 WL 2135791, *2 (citations omitted). "Contumacious conduct warranting dismissal for failure to prosecute involves such activities as 'protracted foot dragging,' 'defiance of court orders,' 'ignoring warnings,' and 'wasteful expenditure of court's time.'"   Id. (citations omitted).

In the case sub judice, the record reflects that Plaintiff has repeatedly disregarded Orders of this Court.  The record reveals as follows:  1) Although the parties were directed to confer and file a planning report pursuant to Rule 26(f), Plaintiff thwarted Defendants' efforts to schedule the meeting; 2) Plaintiff has ignored multiple Orders of this Court, and failed to attend the scheduling conference set by the Court; 3) Plaintiff has been repeatedly warned by this Court about the possibility of his case being dismissed due to his failure to comply with Court orders and failure to prosecute; and 4) Plaintiff's dilatory behavior has resulted in unnecessary delay and expense.  In short, Plaintiff has failed, despite repeated warning from this Court, to comply with Court Orders and imposed deadlines, and has failed to proffer any

5

explanation or good cause for same.  Accordingly, at this juncture, the undersigned finds that due to Plaintiff's repeated failure to comply with Court's Orders and to prosecute this action, and upon consideration of the alternatives that are available to this Court, Plaintiff's action must be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  See, e.g., Zocaras v. Castro, 465 F.3d 479 (11th Cir. 2006); Norman v. Montgomery Bd. of Educ., 177 Fed. Appx. 939 (11th Cir. 2006) (unpublished); Brown, 2006 WL 3307444; Gratton, 178 F.3d at 1374; Goforth, 766 F.2d at 1535.

### III. Conclusion

For these reasons set forth herein, the undersigned finds that Defendants' motion to dismiss is due to be **GRANTED.**

**DONE** this **21st** day of **December, 2006.**

                                                       **/s/SONJA F. BIVINS**
                                                     **UNITED STATES MAGISTRATE JUDGE**